OPINION OF THE COURT
RODRIGUEZ, District Judge.
Montay Bonner appeals from his conviction for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, Bonner argues that the District Court, by refusing to give a curative instruction or declare a mistrial in response to one of the government’s statements during closing, committed reversible error. We have jurisdiction to review final decisions of the district courts pursuant to 28 U.S.C. § 1291. We will affirm.
I.
Because we write solely for the parties, we will only mention those facts relevant to our analysis. On May 31, 2002, Bonner was arrested when several Philadelphia Police Officers saw him discard a firearm. On November 25, 2003, Bonner was indicted for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). During closing arguments, the government stated the following:
I submit to you that the evidence has proven beyond a reasonable doubt that this gun was carried by this defendant on May 31st, 2002 and that the defendant threw this gun when he was approached by the police. And I ask that since May 31st, 2002, the defendant has been running. He’s been running from the police. He’s been running from—
(Trial Transcript, app. at 33.) Bonner’s attorney immediately objected and after a conversation at sidebar, the government concluded its closing with the following: “[o]n May 31st, the defendant ran from the police. I ask that you put a stop and render a verdict of guilty.” (Trial Tran *255 script, app. at 34.) Subsequently, Bonner was convicted. This appeal followed.
II.
We review a district court’s decision on an objection to prosecutorial statements at trial for abuse of discretion. United States v. Brennan, 326 F.3d 176, 182 (3d Cir.2003).**
III.
Bonner argues that because the District Court did not give a curative instruction or declare a mistrial following the government’s closing argument, it abused its discretion. We disagree. Although the prosecutor’s comments during closing argument were improper, it is not probable that the prosecutor’s remarks had an effect on the jury’s ability to judge fairly the evidence presented at trial.
“[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor’s comments standing alone, for the statements or conduct must be viewed in context; only by doing so can it be determined whether the prosecutor’s conduct affected the fairness of the trial.” United States v. Young, 470 U.S. 1, 11, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). Reversal is only warranted when the “prosecutor’s behavior amounted to prejudicial error.” Id. at 12, 105 S.Ct. 1038; see also United States v. Zehrbach 47 F.3d 1252, 1264 (3d Cir.1995) (en banc) (holding that a conviction should not be reversed “when the error to which it is addressed is harmless since, by definition, the conviction would have been obtained notwithstanding the asserted error”). Therefore, we must consider the probable effect that the prosecutor’s remarks had on the jury’s ability to judge the evidence fairly. “In determining prejudice, we consider the scope of the objectionable comments and their relationship to the entire proceeding, the ameliorative effect of any curative instructions given, and the strength of the evidence supporting the defendant’s conviction.” Zehrbach, 47 F.3d at 1265.
A.
One or two sentences in an otherwise benign closing argument generally will not require reversal. In Zehrbach, the prosecutor stated in his closing argument:
I suggest you shouldn’t believe [two of the defendant’s witnesses] because they’re guilty of exactly the same bankruptcy fraud that these two defendants are guilt of. And don’t you assume that they are not going to get what’s coming to them either.
Id. at 1264. In analyzing whether the comments were prejudicial, we observed, among other things, that they were “but two sentences in a closing argument that filled forty pages of transcript.” Id. at 1267; see also United States v. Homer, 545 F.2d 864, 868 (3d Cir.1976) (holding that, on a balance, the prosecutor’s comments were not prejudicial because they “constituted two small paragraphs in the sixty pages of his closing argument”). Therefore, while there is a point at which inappropriate remarks by a prosecutor can unfairly prejudice a defendant, that amount that is acceptable can only be determined by analyzing an individual case on its own facts.
B.
The effect of prosecutorial misconduct on the jury’s deliberative process can be *256 minimized when the district courts give a curative instruction admonishing the jury to disregard the conduct. In Zehrbach, we found harmless error, in part because of the district court’s curative instructions. 47 F.3d at 1267. There, immediately following an objection to the prosecutor’s remarks, the district court admonished the jury to ignore the comments. Id. In addition, during the initial and final charges, the district court instructed the jury to disregard any personal opinion and “cautioned the jury that the arguments of counsel are not evidence.” Id.; see also United States v. Scarfo, 685 F.2d 842, 848 (3d Cir.1982) (finding no prejudice where the district court gave an “immediate cautionary instruction ... [and] helped dispel any improper inferences which might have been drawn from the prosecutor’s comment”); Homer, 545 F.2d at 868 (finding no prejudice where the district court admonished the jury that they should determine issues of fact without bias, sympathy or prejudice and further instructing the jury during closing that a finding of guilty must be based solely on the evidence presented).
C.
Some errors are so unimportant and insignificant in the setting of a particular case “that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction.” United States v. Hasting, 461 U.S. 499, 508, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). The Court has made it clear that a reviewing court must consider the trial record as a whole, ignoring errors that are harmless. Id. at 509, 103 S.Ct. 1974. The Court reasoned that “given the myriad of safeguards provided to assure a fair trial, and taking into account the reality of the human fallibility of the participants, there can be no such thing as an error-free, prefect trial, and that the Constitution does not guarantee such a trial.” Id. at 508-09, 103 S.Ct. 1974 (citing Bruton v. United States, 391 U.S. 123, 135, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)).
IV.
Because we find that the prosecutor’s remarks during closing argument were improper, we must weigh the remarks under the harmless error standard. After applying that standard, we conclude that it is not probable that the prosecutor’s remarks had an effect on the jury’s ability to judge fairly the evidence presented at trial. Therefore, the District Court did not abuse its discretion in not acting sua sponte by giving a curative instruction or declaring a mistrial.
A.
The prosecutor’s comments during closing argument-that Bonner had been running from the police since 2002-were improper because they are simply untrue based on the record. See United States v. Reilly, 33 F.3d 1396, 1422 (3d Cir.1994) (holding that a prosecutor’s comment was not error when the inference was supported by the evidence presented at trial). In addition, the government concedes in its brief that “it is uncontested that the defendant was detained pending trial, and at no point was a fugitive.” (Government Br. at 13.)
B.
When applying the factors above to the facts presented here, we cannot find that Bonner was unfairly prejudiced by the prosecutor’s remarks. First, although there is no specific time limit required for the infliction of irreparable harm, the remarks at issue here represent six lines of closing argument that spans more than nineteen pages of transcript. In addition, the remarks were interrupted by the ob *257 jection of defense counsel. After a sidebar conference, the prosecutor promptly ended her closing argument.
Second, the District Court instructed the jury that “[questions, objections, statements, and arguments of counsel, as I told you before, are not evidence in this case.” (Trial Transcript, app. at 48); see also (Trial Transcript, supp. app. at 6) (stating that “I just told you that the opening statement by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either”) The jury received this instruction not once, but twice—during both the initial and final charges. While a specific curative instruction immediately following the prosecutor’s remarks might have been more appropriate, when analyzing this case on its own facts, the instructions given by the District Court sufficiently protect Bonner’s right to a fair trial.
Third, extensive evidence against Bonner supports our conclusion that the prosecutor’s remarks did not prejudice the jury’s deliberations. The government presented the testimony of three police officers—Officer Michael Spicer, Officer Perry Betts and Officer Finor. Officer Betts testified that he saw Bonner going over the top of a fence and tossing the gun into the side yard. (Trial Transcript, supp. app. at 65.) In addition, Officer Spicer confirmed Bonner’s identity as one of the people apprehended in the rear of the house. (Trial Transcript, supp. app. at 81.) Finally, Officer Finor, a firearms expert, testified that the weapon recovered at the scene had markings consistent with being tossed onto the surface identified by the government’s photographs. (Trial Transcript, supp. app. at 106-07.) Finally, the parties stipulated that the gun recovered by police was a firearm as defined by 18 U.S.C. § 921(a)(3) and was manufactured outside the Commonwealth of Pennsylvania and therefore in or affecting interstate commerce as defined by 18 U.S.C. § 922(g) and further that Bonner was convicted of a crime punishable by more than one year as required by 18 U.S.C. § 922(g)(1).
Therefore, the evidence of possession of a firearm by a convicted felon was substantial. Under these circumstances, and given the court’s instructions, we find that the remarks of the prosecutor constitute harmless error.
V.
We will affirm the conviction of the District Court.

 Although, the government footnotes an argument that we should review for plain error, the whole of its analysis applies the abuse of discretion standard of review. Therefore, we will apply that standard as well. Moreover, to the extent that a district court’s decision survives appellate scrutiny under the abuse of discretion standard, then a fortiori the decision will survive plain error review.